UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL PEADON,

                            Petitioner,

-vs-                                                        Case No.  8:10-cv-1409-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

                            Respondent.
_____/

## ORDER

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by CARL PEADON (hereinafter referred to as "Peadon"), a Florida prisoner. The petition

attacks Peadon's conviction for two counts of vehicular homicide rendered in the Twelfth

Judicial Circuit in DeSoto County, Florida, in state circuit case number 02 CF 568.   A review

of the record demonstrates that, for the reasons below, the petition must be **denied.**

## PROCEDURAL HISTORY

On October 9, 2002, the State Attorney filed an Information charging Peadon with two

counts of DUI manslaughter (Counts I and II), two counts of manslaughter (Counts III and IV),

and two counts of vehicular homicide (Counts V and VI). (Exh 1: Vol. 1: R 1-4).[1] The case

---

[1] Respondent filed the eleven-volume record on direct appeal as Respondent's
Exhibit 1. Volume 1 contains the documents and pleadings, Volumes 2 and 3 contain the

proceeded to a jury trial before the Honorable James S. Parker, Circuit Judge, on November 29, 2004. Peadon was represented by Assistant Public Defender Andrew Cummer. The jury found Peadon guilty of two lesser-included offenses of culpable negligence, and the two counts of vehicular homicide. (Exh 1: Vol. 1: R 173-174). The court dismissed the culpable negligence counts, and adjudicated Peadon guilty of two counts of vehicular homicide. On January 4, 2005, the court sentenced Peadon to eighteen years and six months in prison on each count, to run concurrently. (Exh 1: Vol. 1: R 183-189).

Given that Peadon has not challenged Respondent's statement of the procedural history of this case, a recitation of the procedural history of Peadon's criminal conviction is unnecessary. The issues are fully briefed and the case is ripe for decision. The record is fully developed and the claims of the petition raise issues of law, not issues of fact. *See Breedlove v. Moore*, 279 F.23 952, 959 (11th Cir. 2002). Because of the deference due the state court's findings of fact and conclusions of law, the state courts' determination of Peadon' claims largely governs review of those same claims. Consequently, in considering the reasonableness of the state courts' determinations, the review of Morton's claims includes a recitation of the pertinent state court analysis.

## STANDARDS OF REVIEW

### AEDPA STANDARD

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be

---

transcripts of pretrial hearings, Volumes 4-10 contain the trial transcript, and Volume 11 contains the testimony of the defense witnesses, including the defense expert, Boyd Cochrane.

highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

### DISCUSSION

### GROUND ONE

Peadon alleges the evidence adduced at trial was constitutionally insufficient to support the convictions for vehicular homicide, because there was no evidence that Peadon was operating his vehicle in a reckless manner as required by state law. This ground must be denied for several reasons.

### Failure to Exhaust Federal Constitutional Claim

To the extent Peadon is attempting to present a federal constitutional claim to this Court, such claim was not fairly presented to the state courts and is now barred. At trial, Peadon's attorney moved for a judgment of acquittal on the vehicular homicide charges based on lack of evidence to support a finding of reckless driving:

> DEFENSE COUNSEL: . . .Specifically as to the vehicular homicide, Judge, I've given the Court -- let the record reflect I've given both the Court and the State three manila folders: One is marked vehicular homicide, the other one is marked manslaughter, the other one is marked DUI manslaughter.
>
> Specifically dealing with the vehicular homicide charges, which would specifically be Counts V and VI of the State's information, because the Court is well aware vehicular homicide requires reckless driving, willful and wanton reckless driving, I'd argue to the Court that there has been no evidence of reckless driving in this case, careless driving is insufficient, it requires for vehicular homicide more than a mere failure to use ordinary care.
>
> I would cite *State versus Delrio*, 854 So. 2[d] 692, 2nd DCA case from 2003. In that particular case, the speed was 17 to 26 miles an hour in a 25-mile-an-hour zone. Mr. Delrio hit a woman pushing a baby in a stroller. In that particular case, the Court found that, as I just indicated, careless driving is insufficient as more than a mere failure to use ordinary care.
>
> That's what we have in this situation, Judge. We have under what evidence they have presented is simply a failure to use ordinary care or even careless driving, which does not meet the criteria for vehicular homicide. I'll cite *House versus State*, 831 So.2[d] 1230, another 2nd DCA case from 2002. In that case there was insufficient evidence of vehicular homicide.
>
> The facts in that case are that the Defendant was speeding after running a red light and grazing another vehicle. While he was speeding, he hit -- he later hit a car and the driver died. He was going 60 in a 30-mile-an-hour zone in a residential area. The victim was only going 10 to 15 miles an hour. It was a hot, dry and clear day. The grazing of the first vehicle occurred about a half mile from the crash and less than a minute away from the crash, and there was no reckless driving found in that case.
>
> I will cite to the Court *W.E.B.* – initials, capital *W.E.B. – III*, 533 So. 2[d] 323, 1st DCA case of 1989. Court found there was insufficient facts for vehicular homicide. The Defendant, who was a juvenile, drove after drinking. He exceeded the safe speed limit. He drove over the centerline and collided with an on-coming vehicle after driving off the shoulder of the road. Court found that was not

vehicular homicide, absent evidence that his faculties were impaired or that he drove over the centerline because of impaired judgment, which I would argue to the Court is what we have in this situation. Overcorrecting from having driven off the shoulder of the road is simple negligence, according to the Court, and criminal liability does not attach when the Defendant is, by circumstances and conditions beyond his control and against his will, placed in the position and subjected to the conditions which resulted in the charge death.

In *Miller*, 636 So.2[d] 144, 1st DCA case from 1994, Court found there was insufficient evidence for reckless driving. Excessive speed alone is insufficient to constitute reckless driving. He had control of his vehicle.

In *State versus Esposito*, 642 So.2[d] 25, a 4th DCA case from 1994, Court there found insufficient evidence of vehicular homicide. In that particular case, the Defendant was driving a trolley. Court found from the evidence that at most he was negligent, not reckless. He was in control of the trolley. He wasn't speeding. At most, he was simply inattentive.

As to specific facts in our case, Judge, we have the traffic homicide investigator, who's testified that there was absolutely no signs of reckless driving in this case. And there has been no evidence presented by the State that, in fact, Mr. Peadon drove recklessly to constitute that element.

In *R.C.G,* 362 So.2[d] 166, a 2nd DCA case from 1978, the Court found no reckless driving, and therefore, no vehicular homicide. In that case there was a 16-year-old Defendant had been drinking, riding his motorcycle, he drove off the road 15 to 20 miles an hour over the speed limit. Two hours after the accident, he had a blood alcohol level of .03. There was no showing, according to the Court, of "reckless disregard of human life" or "entire want of care."

Respondent's Exhibit 1: Vol. 9: T 171-174.

On appeal, the sufficiency of the evidence to establish reckless driving was raised as Issue I. In Peadon's initial brief, he cited to state law regarding the proof needed to support a vehicular homicide conviction. At the close of his argument on this issue, Peadon's appellate counsel stated, in addition, that the conviction which was not supported by the evidence results in a violation of Peadon's federal constitutional rights under the Fifth and Fourteenth Amendments, amounting to a violation of Peadon's due process right. Respondent's Exhibit 2

at p. 9. In its answer brief, the State responded to Peadon's state law arguments only. Respondent's Exhibit 3 at pp. 16-24.

Peadon has not exhausted his federal constitutional claim because he did not fairly present a federal constitutional issue to the state courts at trial and on appeal. Before seeking federal habeas relief, a state prisoner to satisfy the exhaustion requirement, 28 U.S.C. § 2254(b)(1), must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1350, 158 L. Ed. 2d 64 (2004). Pursuant to *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995), briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds. *Id.,* 513 U.S. at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Clearly, Peadon, in arguing his motion for judgment of acquittal, did not alert the trial court that he was presenting a federal constitutional argument. (Exh 1: Vol. 9: T 170-181). Peadon's trial counsel cited only state statutory and case law in his argument for acquittal. He did not cite federal cases, nor did he use the terms "federal law," "United States Constitution, nor "due process." *Id.* Peadon could have alerted the state courts in his case that he was leveling a charge of a violation of the federal constitution. However, Peadon did not present a constitutional argument to the trial court at any time, and therefore any constitutional claim was not preserved for review and is procedurally barred.

In the direct appeal brief, appellate counsel added a statement, without elaboration or citation of case law, that Peadon's federal due process rights were also violated. Such argument was not preserved at trial, and the "catch-all" phrase in the brief was insufficient to

obligate the state appellate court to address it. Peadon's fleeting reference to the due process provisions of the Fifth and Fourteenth Amendments was no more than a "needle in a haystack." *See McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. Ala. 2005)(exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record).

In *Pearson v. Sec'y, Dep't of Corr.*, 273 Fed. Appx. 847 (11th Cir. April 15, 2008) (unpublished), the Eleventh Circuit stated that, "[a]lthough Florida courts assess the sufficiency of the evidence under the standard applied in [*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)], the basis of Pearson's argument was that there was no evidence of reasonable fear on the part of the victim, as defined by state law. Nothing in this argument would have alerted the state court to the presence of a federal claim about due process," so the federal claim was not exhausted. Accordingly, Peadon failed to exhaust a federal constitutional claim as to Ground One.

Failure to Raise a Federal Constitutional Claim

Even if Peadon had fully exhausted a federal claim in the state courts, he would still not be entitled to relief because his sufficiency of the evidence argument in his case does not suffice to present a federal constitutional issue. Peadon's assertion that the evidence was insufficient, under state law, to support the vehicular homicide convictions does not present a federal argument. Similar to the situation in Pearson, Peadon's motion for judgment of acquittal was based entirely on the theory that the element of "recklessness" was not supported by the evidence adduced at trial.

Even if Peadon clearly phrased his federal claim as a violation of his federal due process rights, Ground One still concerns a state law matter which is not cognizable in this federal

proceeding. See 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990). This limitation on federal habeas review applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. See *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

In the initial brief on direct appeal, Peadon's appellate counsel argued a violation of state law by the absence of evidence showing Peadon had driven "recklessly." Respondent's Exhibit 2 at pp. 5-8. The State contended in response that Peadon's operation of a vehicle with bald tires and driving too fast for the weather conditions was sufficient to support the "reckless" element of vehicular homicide. The state appellate court's affirmance of Peadon's two vehicular homicide convictions establishes, as a matter of state law, there was sufficient evidence to support a finding of recklessness. Therefore, this Court lacks subject matter jurisdiction to consider Ground One.

Analysis Under 28 U.S.C. § 2254(d) and (e)

Peadon he cannot obtain habeas corpus relief from this Court, because the state court decision was neither contrary to, nor an unreasonable application of, Supreme Court precedent. To satisfy the constitutional requirement of due process in a criminal trial, the state must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d

368 (1970). When reviewing the sufficiency of the evidence under the AEDPA standards, the limited inquiry is whether it is objectively reasonable to conclude the evidence presented, viewed in a light most favorable to the state, would have permitted any rational trier of fact to find the petitioner guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313, 99 S.Ct. 2781, 2785, 61 L.Ed.2d 560 (1979); *Johnson v. Alabama,* 256 F.3d 1156, 1172 (11th Cir. 2001). Peadon has not carried his burden under the *Jackson v. Virginia* standard. The State's answer brief on appeal argues in pertinent part:

> In order to establish vehicular homicide, the state must show: 1) the defendant operated a motor vehicle in a reckless manner likely to cause the death of, or great bodily harm to another, and 2) the defendant's reckless operation of the vehicle was the proximate cause of the death of the human being. *Velazquez v. State*, 561 So. 2d 347 (Fla. 3d DCA 1990), Section 782.071, Florida Statutes (1999). Driving recklessly means driving with a willful or wanton disregard for the safety of others. *State v. May*, 670 So. 2d 1002 (Fla. 2d DCA 1996). "Willful" means "intentional, knowing, and purposeful," while "wanton" means with a "conscious and intentional indifference to consequences with knowledge that damage is likely" to occur to people or property. *W.E.B. v. State*, 553 So. 2d 323, 326 (Fla. 1st DCA 1989). The degree of culpability required to prove reckless driving is more than a failure to use ordinary care. *McCreary v. State,* 371 So. 2d 1024 (Fla. 1979).

> The defendant need not foresee the specific consequences of his actions. It is sufficient that the defendant reasonably foresee that the same type of general harm might occur, if he knowingly drives his vehicle under circumstances likely to cause death or serious bodily injury. W.E.B. v. State, 553 So. 2d 323, 326 (Fla. 1st DCA 1989). Therefore, the focus is on the circumstances under which Appellant knowingly drove, and whether it was foreseeable that death or serious bodily harm could result from Appellant's actions. There is no requirement that Appellant intend to harm another by his reckless driving; it is sufficient that he intend to drive as he did. *State v. Ynocenscio*, 773 So. 2d 613 (Fla. 5th DCA 2000). The following facts show the Appellant drove in a manner and under circumstances, which demonstrate willful and wanton conduct.

> Corporal Freimuth, of the Florida Highway Patrol (FHP, hereinafter), conducted the traffic homicide investigation and testified that immediately following the crash, he observed squeegee or brake marks caused when a tire removes water from the pavement surface (V7, Tr 59-70). He found a gouge mark caused when the Appellant's truck over rode the victim's Geo Metro (V7,

Tr 83-84). The victim's car was forced down into the pavement as the Appellant's truck partially traveled on top of it (V7, Tr84). Corporal Freimuth found the Appellant's rear tires were slick and in an unsafe condition (V7, Tr71). He concluded the Appellant was operating his vehicle at a speed unsafe for the conditions and with faulty equipment, worn tires (V7, Tr 95,98).

Respondent's Exhibit 3 at pp. 17-19.

As the State correctly stated, the issue in this case was whether the combination of Peadon's actions constituted reckless driving. It is clear from the evidence and testimony that the facts and circumstances established, and from which the jury lawfully inferred Peadon's intent, were proven beyond a reasonable doubt. Here, Peadon drove his vehicle at a time when the weather conditions were poor, at a speed unsafe for the conditions, and at a time when the tires on his truck were in an unsafe condition. Under the standard of *Jackson v. Virginia*, it is objectively reasonable to conclude the evidence presented, viewed in a light most favorable to the State, would have permitted any rational trier of fact to find Peadon guilty of vehicular homicide beyond a reasonable doubt. The state court's decision was objectively reasonable under the AEDPA standard, and ground one does not warrant habeas corpus relief.

### GROUND TWO

Peadon contends he was denied a fair trial when the prosecutor, during closing arguments, ridiculed and disparaged the defense accident reconstruction expert witness. Specifically, Peadon refers to an isolated remark made during the prosecutor's lengthy closing argument. In pointing out the flaws in the defense expert's testimony, the prosecutor stated, "He also clearly said that water obstructions was a possibility, but in his expert - I use that word sparingly - opinion, the Defense expert said it was a hydroplane." Respondent's Exhibit 1: Vol. 10: T 22. This ground must be denied for the following reasons.

Procedural Default

Peadon raised the improper prosecutorial comment as his second issue in his direct appeal. However, the issue was not preserved at trial by defense objection, and is procedurally barred. On appeal, Peadon's counsel acknowledged the alleged error was not preserved by objection, and therefore requested the issue be reviewed under Florida's fundamental error doctrine. Respondent's Exhibit 2 at pp. 10-11. *See Brooks v. State*, 762 So. 2d 879, 898-99 (Fla. 2000) (finding that "failing to raise a contemporaneous objection when improper closing argument comments are made waives any claim concerning such comments for appellate review" unless "the  un-objected-to comments rise to the level of fundamental error"). Citing Florida law, the State correctly argued in its answer brief that the issue was procedurally barred. Alternatively, the State contended the issue was conclusory and without merit. Respondent's Exhibit 3 at pp. 25-28.

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)(explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new]

-11-

reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503, 140 L.Ed. 2d 728 (1998)(quoting *Schlup*, 513 U.S. at 324). In the instant case, Peadon cannot avoid the procedural bar because he has neither argued nor shown the existence of cause and prejudice. Moreover, he does not qualify for the fundamental miscarriage of justice exception because he has no new and reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. at 321-322. Ground two is procedurally barred.

Analysis Under the AEDPA

Ground two does not satisfy the threshold requirement for relief under the AEDPA. The limited inquiry is whether it is objectively reasonable to conclude, with respect to the complained of remark, that such did not deprive petitioner of a fair trial. See *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)(were the comments so egregious as to render the trial fundamentally unfair). Moreover, it is not enough that a prosecutor's comments were undesirable or even universally condemned. *Cobb v. Wainwright*, 609 F. 2d 754 (5th Cir. 1980). The standard of review is whether, on the merits, the comment "' so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)). The *Darden* case, which contained remarks by the prosecutors that were far more inflammatory than the comments at issue in the instant case, was affirmed by every state and federal court that reviewed it. As in the case at bar, the petitioner in Darden was not deprived of a fair trial because the "prosecutor's argument did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent." *Darden*, 477 U.S. at 181-182.

-12-

In the instant case, the prosecutor's remark that he "sparingly" used the word "expert" in discussing Mr. Cochrane's testimony did not so infect the trial with unfairness as to make the resulting convictions a denial of due process. Thus, the state court's denial of this issue is objectively reasonable and ground two does not warrant habeas corpus relief.

GROUND THREE

Peadon contends the trial court erred in imposing the sentence by improperly referring to conduct for which Peadon was acquitted. Peadon raised this allegation, citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in his Rule 3.850 motion for postconviction relief. Specifically, Peadon contended he was acquitted of the charges of DUI manslaughter, but during sentencing on the vehicular homicide charges, the trial court referred to evidence that there was "beer and alcohol" involved in the crime. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 120 S.Ct. at 2362-63.

The state postconviction court properly rejected Peadon's claim, because *Apprendi* does not apply to Peadon's case:

> In his first claim, the Defendant claims error by the trial court in using an aggravating factor that was not found by the jury, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Even assuming that the Defendant can raise this issue in a postconviction proceeding, or even assuming this was raised as an ineffective assistance of counsel claim, the court denies the claim. According to the Defendant's scoresheet, he was not sentenced above the statutory maximum (30 years), but was indeed sentenced by the Court to the minimum scoresheet sentence. See Attachment 1. *Apprendi*, therefore, does not apply. *See Pierre v. State,* 971 So. 2d 825 (Fla. 3rd DCA 2007)(*Apprendi* "only applies to sentences which exceed the statutory maximum"). The Defendant's motion is therefore denied as to this ground.

Respondent's Exhibit 9 at p. 2.

The state court's ruling is objectively reasonable. Since Peadon's sentence did not exceed the thirty-year statutory maximum,  there was no *Apprendi* error. *See United States v. Sanchez*, 269 F.3d 1250, 1272 (11th Cir.2001)(en banc). The state court's determination that there was no *Apprendi* error was not contrary to federal law. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). Thus, ground three does not warrant habeas corpus relief.

GROUND FOUR

In ground four, a corollary to ground three, Peadon alleges trial counsel was ineffective for failing to object to the use of acquitted conduct in imposing sentence. Peadon argued in his Rule 3.850 motion in state court that "beer and alcohol" were used as "aggravating fact[ors]" by the court to increase his sentence, and that had his counsel objected, the court would have been free to impose a lesser sentence. The postconviction court denied this claim, stating the sentencing scoresheet "clearly demonstrates that the Court sentenced the Defendant to the minimum sentence, 18.5 years, which was based on the vehicular homicide conviction only." Respondent's Exhibit 9 at pp. 4-5, and attachments.

To show a violation of the Sixth Amendment right to counsel, Peadon must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Peadon must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Peadon must prove prejudice, in that he "must show that there is a

-14-

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In Peadon's case, the postconviction court was aware of, and reasonably applied, the *Strickland* two-part test. Peadon cannot show counsel was ineffective for failing to object to an *Apprendi* violation where no such violation occurred at sentencing. Counsel had no basis for a valid objection. The failure to object to the imposition of a legal sentence cannot be deemed ineffective assistance of counsel, as a defendant suffers no prejudice as a result. *See Chandler v. Dugger*, 634 So. 2d 1066, 1068 (Fla. 1994). The state court's rejection of this claim is objectively reasonable and is entitled to deference from this Court. Ground four does not warrant habeas corpus relief.

GROUND FIVE

Peadon alleges his convictions for vehicular homicide lack the essential element of the offense, namely that Peadon was driving his vehicle with "willful and wanton disregard for the safety of persons or property." This claim must is procedurally barred. The issue was raised in the state court for the first time in ground four of Peadon's motion for postconviction relief. The claim was summarily denied by the postconviction court without reaching the merits because it concerns an issue which could have been and should have been raised on direct appeal. Respondent's Exhibit 9 at p. 7.

It is well-settled in Florida that a claim that could have been brought on direct appeal is procedurally barred in postconviction proceedings. *Willacy v. State*, 967 So. 2d 131, 141 (Fla. 2007). *See also, Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 111 S.Ct. 96 (1990). Under the doctrine of procedural default, "in all cases in which a state prisoner has

defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749, 115 L. Ed. 2d 640, 111 S. Ct. 2546, 2565 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995). As stated in ground two, Peadon has not argued nor demonstrated cause or prejudice or a miscarriage of justice to overcome the procedural bar. Thus, ground five does not warrant habeas corpus relief.

GROUND SIX

Peadon contends his sentence was imposed based on threats and coercion toward the judge, state's attorney, and defense counsel by the families of the victims. Peadon raised this claim in ground seven of his Rule 3.850 motion, alleging his sentence was the result of threats of physical harm made against the "defense attorney, state attorney, and honorable judge" by the victims' families, and thus was vindictive and unfair. The postconviction court treated the claim as a vindictive sentencing issue and summarily denied the claim because it is one which should have been, but was not, preserved at trial and raised on direct appeal, and was therefore not cognizable in a Rule 3.850 proceeding. Respondent's Exhibit 9 at p. 3. The postconviction court correctly applied a state procedural bar. A vindictive sentencing claim is one that can and should be raised on direct appeal, even if not preserved. *See Smith v. State,* 909 So. 2d 972, 973 (Fla. 2d DCA 2005)(citing *McDonald v. State*, 751 So. 2d 56, 58 (Fla. 2d DCA 1999)). Because the issue is one which can be raised on direct appeal, it is not cognizable in a Rule 3.850 motion. "Issues which either were or could have been litigated at trial and upon

-16-

direct appeal are not cognizable through collateral attack." *Smith v. State*, 445 So. 2d 323, 325 (Fla. 1983). Peadon has not presented cause to excuse his default and any allegation in that regard is barred by the two-year limitation of Rule 3.850, see *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and the state's successive petition doctrine. *See e.g., Pope v. State*, 702 So. 2d 221, 223 (Fla. 1997)(successive postconviction relief motions filed after the expiration of the time limit must be based on newly discovered evidence). Ground six does not warrant habeas corpus relief.

Peadon's Reply

The arguments in Peadon's reply has not convinced this Court that Respondent's response, based on the state court record, is incorrect.

Accordingly, the Court orders:

That Peadon's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Peadon and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Peadon is assessed the $455.00 filing fee unless the Eleventh Circuit determines that he is entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 30, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Carl Peadon